GREEN et v LINN

Ohio Appeals, 3rd Dist, Crawford Co

No 1359. Decided March 18, 1935

Edward J. Myers, Bucyrus, for plaintiffs in error.

W. J. Schwenck, Bucyrus, for defendant in error.

134

**OPINION**

By GUERNSEY, J.

The specifications of error in plaintiff in error's brief, which will be the only ones considered, relate, first, to claimed error in the ruling of the court rejecting and excluding the evidence of the witness Bechtol, hereinbefore referred to; and second, claimed error in the direction of the verdict in favor of plaintiff below. These specifications of error will be considered in the order mentioned.

■ With reference to the first assignment of error, the first question, objection to which was sustained and tender of proof made, a cursory inspection of the instrument discloses that the word "five" is in a different hand writing and written with a different medium than the other written parts of the instrument and that there are ink marks under and in the vicinity of the word "five", and that the paper under the word is abraded by erasure. These facts being disclosed by the instrument itself, expert testimony as to such facts was not admissible and was properly rejected. Furthermore, in the form in which the question was asked it called for an expert opinion as to whether the instrument had been altered, which is a question of law and not a subject of expert testimony.

The second question was also objectionable as the instrument itself disclosed the facts, and opinion evidence was inadmissible. Furthermore, the witness had qualified as an expert on hand writing and not as an expert on abrasions and erasures, and consequently the evidence was also objectionable on this ground.

The question "Do you detect a change on the document Plaintiff's Exhibit A," was also objectionable for the reasons above mentioned. There was therefore no error in the rejection of the testimony referred to.

■ The signatures to the notes are conceded to be genuine and the note itself, together with the indorsements thereon, is in evidence, and the credits indorsed on the note as alleged in the petition and shown by the note itself, are not controverted.

The plaintiff therefore was entitled to have a verdict directed in her favor for the amount claimed in her petition unless the evidence offered on behalf of the defendants tended to prove a defense to plaintiff's claim.

The sole defense to the note, on the part of the defendant, is that the note was altered by erasure and written change in interest rate subsequent to its execution and delivery.

Under the provisions of §8229, GC, when a negotiable instrument is materially altered without the consent of all parties liable thereon, it is avoided, except as against a party who has himself made, authorized or assented to the alteration and subsequent endorsers.

Under the provisions of §8230, GC, any alteration is a material alteration which changes the sum payable either for principal or interest.

The alteration disclosed by the note itself is an alteration in the sum payable for interest, and consequently if, as alleged in the answers of the defendants, the alteration was made subsequent to the execution of the note is a material alteration avoiding the note.

In considering whether the verdict was erroneously directed it is therefore only

necessary to determine whether there is any evidence tending to prove that the alteration in the note was made subsequent to its execution.

In the case of **Franklin v Baker, Executor, 48 Oh St 296**, it was held that:

"Where it is claimed by the defendant, in a suit on a promissory note, or similar instrument, that the note has been altered since its execution, the burden is upon him to prove that it was so altered; the presumption being, in the absence of anything to the contrary, that any alteration appearing on the face of the paper, was made at or before the time of its execution."

This decision was approved and followed in **Newman v King, 54 Oh St 273**, and in 1 O. J., at page 961, the rule above set forth is said to be definitely established in Ohio.

Giving effect to this presumption, the inquiry is restricted to the question as to whether there was any evidence offered on behalf of the defendants tending to counterbalance or rebut the presumption that the alteration was made at or before the time of the execution of the note.

It will be noted from the statement of facts that there was evidence in the case that from the time of the execution and delivery of the note, until 1923, interest was paid and credited at the rate of five per cent, and that from 1923 until a later date interest was paid and credited on the note at the rate of six per cent, and that from this later date until the date of the last indorsement on the note, interest was paid and credited on the note at the rate of five per cent. It is contended by the plaintiffs in error that this evidence tended to rebut the presumption mentioned.

In order to rebut a presumption of this character there must be evidence tending to prove a state of facts inconsistent with the presumed state of facts, so it is necessary to determine as to whether the evidence mentioned is inconsistent with the presumed state of facts, under the rule above mentioned.

Both changes in the payment and credit of interest occurred subsequent to the time the note, under its terms, became due. An oral agreement for a change in the interest rate of a note after it becomes due, may be made without any change whatever in the terms of the written instrument, and consequently evidence of change in the interest rate is not inconsistent with and does not tend to controvert the presumption that the alteration in the note was made prior to its execution and delivery. This being the case, the evidence mentioned did not raise an issue of fact submissible to a jury, and a verdict was therefore properly directed.

Holding these views, the judgment of the Court of Common Pleas will be affirmed.

KLINGER, PJ, and CROW, J, concur.